AL VAN SLYKE (CSB #89652)
Attorney at Law
3200 Fourth Avenue, Suite 201
San Diego, California 92103
Telephone: (619) 233-7326
Facsimile (619) 233-6214

Attorney for Plaintiff
JOSIE L. RAY, Executor  of
the Estate of MELVIN RAY, deceased;
JOSIE L. RAY

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSIE L. RAY, Executor of the Estate of MELVIN RAY, deceased; JOSIE L. RAY, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONSTAR MORTGAGE LLC, d.b.a. CHAMPION MORTGAGE; BANK OF AMERICA, N.A., a national banking association; 1ˢᵗ SOURCE FUNDING, INC.;  and Does 1-100, Inclusive, <br><br> Defendants. | Case No. <br><br> **3:14-CV-01020-JAH-WVG** <br><br> **PLAINTIFF'S OPPOSITION TO DEFENDANT NATIONSTAR MORTGAGE, LLC, dba CHAMPION MORTGAGE'S MOTION TO DISMISS** <br><br> Date:    June 16, 2014 <br> Time:    2:30 p.m. <br> Court:   13B <br><br> Judge: Hon. John A. Houston <br><br> Complaint Filed: March 25, 2014 |

## INTRODUCTION

This proceeding was commenced as a state court action in the San Diego County Superior Court on March 25, 2014.  The Plaintiff, JOSIE L. RAY, who is 78 years of age, is the surviving non-borrowing spouse of a deceased mortgagor on a reverse mortgage, who is neither on title to her residence, nor a

signatory on the reverse mortgage.  She was not a party to the mortgage transaction. This is <u>not</u> a situation which involves a borrower who has failed to make monthly payments on a conventional mortgage; there are no back payments or arrearages.

At the time of the reverse mortgage transaction, plaintiff was removed from the title to the residence, which she shared with her spouse as community property for over 30 years. Her now-deceased spouse, MELVIN RAY, obtained a reverse mortgage in February of 2008, from defendant BANK OF AMERICA, N.A., when he was 81 years of age.  He passed away on March 6, 2013.  As plaintiff pleads in her complaint, she had no knowledge of the reverse mortgage transaction, or of the consequence that she would be forced out of her home if her husband passed away, until after her husband's death.

The Plaintiff is the executor of her deceased spouse's estate, in probate proceedings pending in state court. The residential real property which is the subject of this action is part of the probate estate.  Plaintiff is the sole beneficiary of her deceased husband's probate estate, and of their inter-vivos trust.  Plaintiff brought her action initially in the state court,  in her capacity as an individual, and in her capacity as the personal representative, i.e. executor of the decedent's estate.

Defendant NATIONSTAR MORTGAGE LLC, doing business as CHAMPION MORTGAGE ["NATIONSTAR"] acquired the reverse mortgage from the original lender, defendant BANK OF AMERICA, N.A. in November of 2012. NATIONSTAR accelerated the reverse mortgage upon the death of the plaintiff's spouse, declaring the whole thereof to be immediately due and payable.  Defendant NATIONSTAR commenced non-judicial foreclosure proceedings, recorded Notice of Default on December 30, 2013, and scheduled a non-judicial foreclosure sale for April 24, 2014.

Plaintiff's complaint asserts several state-court causes of action in

2

order to obtain the relief which is properly awarded to a non-borrowing surviving spouse in a reverse mortgage situation, consistent with HUD regulations which specify that in the reverse mortgage context, a "homeowner" includes the homeowner's spouse, and a "borrower" also includes the spouse, including (1) reformation of the reverse mortgage; (2) declaratory relief; (3) injunctive relief (in the form of a temporary restraining order and preliminary injunction); (4) fraud, deceit, intentional misrepresentation and/or concealment of material facts; (5) negligence and negligent misrepresentation; and (6) elder financial abuse.

## **PROCEDURAL HISTORY**

Plaintiff's state court complaint was filed on March 25, 2014.  On April 10, 2014, with a foreclosure sale set for April 24, 2014, plaintiff made ex parte application for a temporary restraining order, with notice to defendant NATIONSTAR.  At the hearing on April 10, 2014, at which defendant NATIONSTAR'S counsel was present, a temporary restraining was granted, restraining and enjoining Defendant NATIONSTAR MORTGAGE LLC, doing business as CHAMPION MORTGAGE, and all those acting with, for, or in concert with them, from selling the property, attempting to sell the property, or giving notice of sale, either under the power of sale contained in the deed of trust, by judicial process, or otherwise.

Defendant NATIONSTAR MORTGAGE LLC, doing business as CHAMPION MORTGAGE, removed the state court action to this court on April 22, 2014. At an April 29, 2014 status hearing in this court, the court continued the temporary restraining order issued in the state court in full force and effect.

Plaintiff's motion for remand to state court, which was filed on May 13, 2014,  is now pending. Rather than answer plaintiff's complaint, Defendant NATIONSTAR filed its instant Motion to Dismiss plaintiff's

complaint, on May 13, 2014. Plaintiff opposes and responds to defendant NATIONSTAR'S motion to dismiss, on the following grounds:

- Plaintiff's complaint has pleaded sufficient facts to present a plausible claim for relief under the so-called *Twombly-Iqbal* standard;

- If the complaint states <u>any</u> cause of action upon which relief may be granted, defendant's motion to dismiss must be denied;

- In the context of a motion to dismiss, all well-pled allegations are accepted as true, and all reasonable inferences are construed in a light most favorable to the non-moving party;

- Plaintiff's complaint states sufficient facts upon which the requested relief may be granted.  If the court, in ruling on the motion, finds that additional facts are required, plaintiff's complaint is susceptible of amendment, and plaintiff should be granted leave to amend;

- Inartful pleading, incorrect legal theories, or inappropriate remedies, are not grounds for dismissal; leave to amend should be granted;

- Leave to amend is liberally granted, moreover it is early in the proceedings, plaintiff's complaint was removed from the state court, a remand motion is pending,  and plaintiff has not yet had the opportunity to amend;

- Plaintiff's action is not time-barred by the applicable statutes of limitations, and plaintiff has pleaded the necessary facts to demonstrate delayed accrual based upon the discovery of the facts and circumstances giving rise to the claims;

- Plaintiff has standing and capacity to seek the relief of being made a borrower and homeowner under the HUD rules; paying off the balance of the reverse mortgage is not plaintiff's only recourse;

- Plaintiff has standing and capacity to bring an action for elder financial abuse.  She is a competent adult in her own right. She is executor of the

estate of her deceased husband, regarding elder financial abuse to him, and she is a competent plaintiff with regard to elder financial abuse to herself;

● This is not a conventional mortgage situation where a mortgage borrower has failed to make mortgage payments.  This is a reverse mortgage where there are no monthly payments due, or defaults in payment. Defendant is foreclosing solely because of the death of plaintiff's spouse.  <u>There is no fault on the part of the plaintiff</u>.

## <u>ARGUMENTS AND AUTHORITIES</u>

## I.

## DEFENDANT'S MOTION SHOULD BE DENIED BECAUSE THE COMPLAINT STATES FACTS ENTITLING PLAINTIFF TO RELIEF

**A.  <u>Allegations in the Complaint and all Reasonable Inferences</u>.** In testing the sufficiency of a complaint as against a motion to dismiss for failure to state a cause of action, the Court should deem the allegations in the complaint, as well as the reasonable inferences to be drawn from those allegations, as admitted.  *In re: Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15-16 (1st Cir. 2003) - "When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, all well-pled allegations are accepted as true and all reasonable inferences should be construed in favor of the non-moving party."

**B.  <u>Truth of Allegations Assumed; Motion Must be Denied if Complaint States Facts Entitling Plaintiff to Any Relief</u>.** A motion to dismiss for failure to state a claim upon which relief can be granted is used to test the legal sufficiency of a complaint, while assuming the truth of the well-pled

5

1  allegations contained in it. *Kessler v. Monsour* 865 F.Supp. 234, 236 (M.D. Pa.

2  1994).  Moreover, if the complaint states facts constituting a cause of action

3  *entitling the plaintiff to any relief*, the motion to dismiss should be denied. *Youse*

4  *v. Carlucci* 867 F.Supp. 317, 318 (E.D. Pa. 1994) (Emphasis added) - "A

5  complaint is properly dismissed *only* if it appears certain that the plaintiff cannot

6  prove *any set of facts* in support of its claim *which would entitle it to relief."*

7  (Emphasis added).

8      **C.  <u>Claim Means a Set of Facts, Facially Plausible.</u>** For purposes

9  of a Rule 12(b)(6) motion to dismiss for failure to state a claim, "claim" means a

10  set of facts that, if established, <u>entitles the pleader to relief.</u>" In addition, the

11  facts alleged must state a "facially plausible" claim for relief.  *Bell Atlantic*

12  *Corp. v. Twombly* (2007) 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-1965.

13  [Emphasis added]. This means that although the complaint need not contain

14  detailed factual allegations, its "[f]actual allegations must be enough to raise a

15  right to relief above the speculative level ... on the assumption that all the factual

16  allegations in the complaint are true (even if doubtful in fact)."  In short, it must

17  allege "enough facts to state a claim to relief that is <u>plausible on its face</u>  *Bell*

18  *Atlantic Corp.v. Twombly* (2007) 550 U.S. 544, 556-557, 127 S. Ct. 1955, 1965,

19  1974. [Parentheses in original; emphasis added].  The "plausibility" requirement

20  governs the pleading of all claims in all federal civil actions *Ashcroft v. Iqbal*

21  (2009) 556 U.S. 662, 684, 129 S. Ct. 1937, 1953.

22      **D.  <u>Plausibility Can be Determined Inferentially and by</u>**

23  **<u>Common Sense.</u>** As one court has expressed it, "[i]f a reasonable court can draw

24  the necessary inference[s] from the factual material stated in the complaint, the

25  plausibility standard has been satisfied." *Keys v. Humana, Inc.* 684 F.3d 605,

26  610 (6th Cir. 2012). The court, drawing "on its judicial experience and common

27  sense," must decide in the specific context of the case whether the factual

28

allegations, if assumed true, allege a plausible claim *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 679, 129 S. Ct. 1937, 1950.

     **E.  Complaint Read as a Whole.** The complaint should be read as a whole, not parsed piecemeal to determine whether each allegation, in isolation, is plausible *Braden v. Wal-Mart Stores, Inc.* 588 F.3d 585, 594 (8th Cir. 2009). The central theme of plaintiff's complaint, and the relief to which she is entitled is, the right to reformation of the reverse mortgage contract, to be a borrower and homeowner, and to remain in her home for the remainder of her life.

     **F.  Plausible Alternatives Are Disregarded.** Moreover, in the context of a Rule 12(b)(6) motion to dismiss, the court cannot dismiss a complaint that alleges a "plausible version of the events merely because the court finds a different version more plausible" *Anderson News, L.L.C. v. American Media, Inc.* 680 F. 3d 162, 185 (2nd Cir. 2012); *See: HDC, LLC v. City of Ann Arbor* 675 F. 3d 608, 613 (6th Cir. 2012) - "[the] mere existence of an 'eminently plausible' alternative, lawful explanation ... [is] not enough to dismiss a complaint raising a plausible claim".

     **G.  Error to Dismiss Without Allowing Amendment.** When a defect in a complaint could be cured through amendment, the trial court erred by dismissing it for failure to state a proper claim, without allowing the plaintiff the opportunity to amend the complaint.  *Maya v. Centex Corp.*  685 F.3d 1060, 1072-1073 (9th Cir. 2011). *See also: Chubb & Son v. C & C Complete Services, LLC*, 919 F. Supp. 2nd 666, 673-674 (D. Md. 2013) (plaintiff was granted leave to amend fraud claims pled without sufficient particularity); *Lauria v. Biosante Pharmaceuticals, Inc.* Fed. Sec. L. Rep. (CCH) P 97636, 2013, WL 4829124, 5-8 (N.D. Ill. 2013) (plaintiff was granted leave to amend fraud claims pled without sufficient particularity). All of the foregoing rulings were made in cases decided post-*Twombly* and post-*Iqbal.*

7

## II.

## PLAINTIFF'S COMPLAINT IS TIMELY FILED
## BECAUSE IT ALLEGES DELAYED DISCOVERY
## OF HER DAMAGES AND OF DEFENDANTS' CONDUCT

In her verified complaint, Plaintiff alleges in considerable detail the numerous acts and omissions of the various named defendants; the allegations are not mere labels or unsupported conclusions.  Plaintiff further alleges that even though the reverse mortgage transaction took place in February of 2008, and in the months leading up to that time, beginning in December of 2007, she did not become aware of the transaction or the facts and circumstances surrounding the reverse mortgage transaction, until after the death of her spouse on March 6, 2013, when defendant NATIONSTAR accelerated the loan, began demanding payment, and thereafter instituted foreclosure proceedings.

Moreover, plaintiff was and is the surviving spouse and beneficiary under the will of her deceased spouse, which has been admitted to probate in the state court, and she is the surviving spouse and beneficiary under the inter-vivos trust established by plaintiff and her deceased spouse.  At the conclusion of the probate proceedings, the residence will be distributed to the plaintiff, as surviving spouse, as beneficiary of the will, and as beneficiary of the trust, as her sole and separate property.

To sustain a motion to dismiss on the ground that the complaint is barred by the statute of limitations, that defect must appear on the face of the pleadings *Briggs v. Ohio Elections Com'n.,* 61 F.3d 487, 493 (6th Cir. 1995).  Under the applicable statutes of limitation, discovery of the plaintiff's cause of action may be delayed until the plaintiff actually became aware of her damage and its fraudulent and/or negligent cause, and plaintiff properly pleads delayed discovery, and hence, delayed accrual of her causes of action.

8

As stated in her complaint, the plaintiff was not a party to the reverse mortgage transaction.  She was not a signatory on the reverse mortgage. She was not aware of the reverse mortgage on her residence, which residence prior to the reverse mortgage, had no mortgage debt on it at all. The harm that had been done by the transaction and its participants, and the damages flowing therefrom, were not revealed to the plaintiff until defendant NATIONSTAR began demanding payment after the death of her spouse.  Defendant NATIONSTAR and its agents *refused to discuss the matter with her, rebuffed her attempts to obtain documents and other information, stating that she was neither a homeowner nor a borrower, and refused to provide any information*. Even after NATIONSTAR was provided with letters of administration issued by the probate court, there was no meaningful contact from its legal department until the ex parte hearing in the state court on April 10, 2014. Prior to that date, the only contact from NATIONSTAR was a demand for payment.

### III.

### IF THE COURT BELIEVES THAT PLAINTIFF HAS NOT ADEQUATELY STATED FACTS CONSTITUTING DELAYED DISCOVERY, LEAVE TO AMEND SHOULD BE GRANTED

**A.  <u>Causes of Action for Fraud or Mistake Accrue When Facts Discovered by Aggrieved Party</u>.**  Plaintiff believes that she has properly pleaded delayed discovery and accrual of her claims and causes of action. If, in deciding this motion, the court believes that the plaintiff needs to provide additional facts, plaintiff requests leave to amend her complaint. *California Code of Civil Procedure §338(d),* which specifies a three-year statute of limitations for actions based upon fraud or mistake, provides in pertinent part, that "[a]n action for relief on the ground of fraud or mistake. The cause of action

in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

**B. Causes of Action for Negligent Misrepresentation.** *California Code of Civil Procedure §339* specifies a two-year statute of limitations for actions concerning obligations or liabilities not founded upon an instrument in writing. A plaintiff alleging a cause of action for negligent misrepresentation is similarly protected by the delayed accrual rule; accrual of a negligence-based cause of action may be delayed until plaintiff discovers the facts constituting the cause of action.  To a large extent, this so-called "delayed discovery rule" virtually swallows up the general rule measuring accrual from the date the wrongful act occurred. *See: Fox v. Ethicon Endo-surgery, Inc.* (2005) 35 Cal 4th 797, 807-809; *Norgart v. Upjohn Co.* (1999) 21 Cal. 4th 383, 397-398.

**C. Application and Purpose of the Discovery Rule.** The "discovery rule" is an exception to the general rule that an action accrues when appreciable harm occurs.  The accrual of certain causes of action is postponed "until the plaintiff discovers, or has reason to discover, the cause of action *Fox v. Ethicon Endo-Surgery, Inc.* (2005) 35 Cal. 4th 797, 807.  The discovery rule "may be expressed by the Legislature or implied by the courts" *Norgart v. Upjohn Co.* (1999) 21 Cal. 4th 383, 397.   "The principal purpose of the rule permitting postponed accrual of certain causes of action is to protect aggrieved parties who, with justification, are ignorant of their right to sue." *Seelenfreund v. Terminix of Northern Calif., Inc.* (1978) 84 Cal. App. 3rd 133, 138; *See: Leaf v. City of San Mateo* (1980) 104 Cal. App. 3rd 398, 406 - the rule applies "where it is manifestly unjust to deprive plaintiffs of a cause of action before they are aware that they have been injured."  The rule of delayed accrual based upon discovery is applied to actions in which it is generally difficult for plaintiffs to immediately detect or comprehend the breach or the resulting injuries *E-Fab,*

*Inc. V. Accountants, Inc. Services* (2007) 153 Cal. App. 4th 1308, 1318.

**D.  Plaintiff Cannot be Charged With Knowledge of Public Records or Their Contents.** By statute, a cause of action for fraud or mistake accrues only "upon discovery by the aggrieved party of the facts constituting the fraud or mistake" *Code of Civil Procedure §338(d).*  Because the statute expressly requires <u>discovery by the aggrieved party</u>, the plaintiff <u>cannot be charged with knowledge of information contained in public records or recorded documents</u>.  *FDIC v. Dintino* (2008) 167 Cal. App. 4th 333, 349. In the instant case, plaintiff cannot be charged with knowledge of the recorded reverse mortgage deeds of trust.

**E.  Amendment to Plead Additional Facts; Leave to Amend Liberally Granted.** Plaintiff believes that she has stated sufficient facts to plead her claims. If, in deciding this motion, the court determines that additional facts are needed, plaintiff should be permitted to amend her complaint to state additional facts that would more fully show that she is entitled to relief, especially in this situation, where plaintiff's verified complaint was originally filed in the state court, and pleads state-court causes of action, and where the plaintiff has not yet had an opportunity to file an amended pleading in the Federal arena. Great liberality should be exercised in permitting a plaintiff to amend *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir. 1981) - "leave to amend should be liberally given unless there is good cause to deny it."; *Hudson v. McHugh,* 148 F. 3d 859, 864 (7th Cir. 1998) - appellate court states "trial court should have allowed the plaintiff an opportunity to amend the complaint."

**IV.**

**PLAINTIFF HAS PROPERLY PLEADED**

**FRAUD AND MISREPRESENTATION**

**A. <u>Pleading Fraud</u>.** Courts usually interpret FRCP Rule 9(b) to require that a plaintiff's complaint: (1) specify the alleged fraudulent representations (or omissions); (2) allege that the representations were false when made; (3) identify the speaker; (4) state when and where the statements (or omissions) were made; and (5) state the manner in which the representations (or omissions) were false or misleading. *See: In re GlenFed, Inc. Secur. Lit.*42 F.3d 1541, 1547, fn 7 (en banc)  (9th Cir. 1994)**.**

**B. <u>The "Who" Requirement May be Excused</u>.** While pleading the identity of the person or persons who made the fraudulent representation[s] is ordinarily required, it may be excused where it is unrealistic to expect plaintiff to have this information. *Odom v. Microsoft Corp.* 486 F.3d 541, 554-555 (9th Cir. 2007) (in a consumer transaction occurring several months earlier, plaintiff was not required to name the store employee who made the misrepresentations).

In the instant case, the plaintiff was not a party to the reverse mortgage transaction.  She did not participate in the negotiations.  She did not participate in the loan application process.  She did not participate in the loan process.  She did not participate in the document preparation, nor the signing. She discovered the reverse mortgage transaction after the death of her spouse, five years after the loan was made, when defendant NATIONSTAR began demanding full payment of a mortgage she was not aware of.

Even then, the defendant's representatives ignored and rebuffed all her efforts to speak with them or to obtain any information - other than their demands for payment - until she filed her state court action, and appeared ex parte on April 10, 2014 to apply for and obtain a temporary restraining order.

**C. <u>Purchase of the Reverse Mortgage</u>**. The reverse mortgage was originated by defendant BANK OF AMERICA, N.A., in February of 2008. Defendant NATIONSTAR purchased the reverse mortgage note and deed of

1  trust from defendant BANK OF AMERICA, N.A., in November of 2012,

2  recording its notice of assignment of deed of trust on November 28, 2012.  This

3  was over fifteen months following the decision in August of 2011 of *Kerrigan v.*

4  *Bank of America* (2011) EDCV 09-02082 [2011 U.S. Dist. Lexis 90686] in the

5  Central District of California.  In that court's ruling in a similar reverse

6  mortgage case where the lender sought to foreclose on the surviving spouse who

7  was not on title to the residence, or on the reverse mortgage, on motion for

8  summary judgment the court found that the plaintiff's cause of action for

9  reformation of the reverse mortgage contract, based upon the HUD regulations,

10  and pursuant to *Civil Code §3399,* [as plaintiff is claiming and pleading here]

11  was viable.

12  Defendant NATIONSTAR, as a mortgage lender,  would

13  presumably have been aware of this case and decision at the time it acquired this

14  reverse mortgage. Defendant BANK OF AMERICA, N.A., would presumably

15  have been aware of that case and decision at the time it sold or assigned the note

16  and deed of trust to defendant NATIONSTAR, because BANK OF AMERICA,

17  N.A. was a party to that action.

18  **D.  Assignment Taken Subject to Defenses.** Moreover, it is

19  established law in California that the *assignee* of a debt or obligation acquires

20  no greater rights than those of its *assignor*, and the assignment is ordinarily

21  taken subject to any defenses which the obligor would have had against the

22  assignor prior to assignment. *Great Western Bank v. Kong* (2001) 90 Cal. App.

23  4th 28, 32; *Royal Bank Export Finance Co., Ltd. v. Bestways Distributing Co.*

24  (1991) 229 Cal. App. 3rd 764, 767-768.  Plaintiff can plead and assert against

25  defendant NATIONSTAR, the assignee, all claims and defenses which she

26  would otherwise have had against defendant BANK OF AMERICA, N.A., the

27  assignor.  To name just one example, defendant BANK OF AMERICA, N.A.

28

13

utilized the services of a loan broker, defendant 1ST SOURCE FUNDING, INC., that was a dissolved corporation, <u>and which had been dissolved for approximately three years</u> at the time this reverse mortgage was made.

Plaintiff can amend her complaint to allege additional facts regarding the signing of the quitclaim deed.  She can also amend her complaint to allege additional facts regarding reverse mortgage counseling and that the form which was provided and signed <u>did not advise her that she could lose her home</u>. She can amend her complaint to more fully allege that, during the loan application process with her deceased spouse, the mortgage lender did not give her notice of her rights, or of the consequences to her if her husband was the only borrower, and predeceased her, even though California is a community property state.

Plaintiff can amend her complaint to more fully describe the injuries and damages she has incurred as a direct and proximate result of the defendants' conduct complained of.  For example, one element or measure of damages would be the cost of moving from the residence in which she has resided for decades, plus the amount of money she would have to pay to rent a comparable residence for the remainder of her life, based on actuarial data. Another element or measure of damages is the value of living in her home for the remainder of her life expectancy, also based upon actuarial data.  Yet another measure of damages is the amount of money which the plaintiff has spent, to date, maintaining, repairing, and insuring the residence, as required by the reverse mortgage, which is thousands of dollars.

**V.**

**PLAINTIFF HAS PROPERLY PLEADED HER**
**RIGHT TO REFORMATION OF THE CONTRACT**

California law expressly provides for reformation of contracts.

14

"When, through fraud or a mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to the rights acquired by third persons, in good faith, and for value**."** *California Civil Code §3399.*

It has been long established in California law that an "aggrieved party" for purposes of reformation of a contract, as provided in *Civil Code §3399* need not be an original party to the transaction, but merely one who has suffered prejudice or pecuniary loss. *Kerrigan v. Bank of America* (2011) EDCV 09-02082; *See also: Watson v. Collins (1962) 204 Cal. App. 2nd 27, 30* - "An aggrieved party need not be an original party to the transaction; it clearly includes one who has suffered prejudice or pecuniary loss." (Subsequent purchaser from grantee sought and obtained reformation of note and deed of trust); *Shupe v. Nelson (1967) 254 Cal. App. 2nd 693, 698* - "The right to reformation of an instrument is not restricted to the original parties to the transaction; an aggrieved party need not be an original party to the transaction but includes one who has suffered prejudice or pecuniary loss." (Reformation of deeds that neglected to include reservation of rights for access). The plaintiff herein has certainly suffered prejudice or pecuniary loss, as she stands to lose her home, in which she has resided for decades.

Lending further support to the plaintiff's cause of action for reformation of contract is the case of *Alameda County Title Ins. Co. v. Panella (1933) 218 Cal. 510*, 513, in which the California Supreme Court stated, with respect to a written instrument, that fraud in the inducement, fraud in the execution, mistake, or imperfection of a writing, and revision thereof may be sought, by putting the facts at issue in the pleadings. This is to state that an

15

aggrieved party in such a situation raises the issues in their pleadings, and seeks reformation of the questionable instrument based upon such fraud, mistake, or imperfection. (Court denied enforcement of an *oral agreement* purportedly modifying  payment terms of a note and deed of trust to reflect true intent, as violating the parol evidence rule, stating that aggrieved party was required instead to raise the issues in its pleadings, and seek reformation of the terms of the instrument).

Even more compelling for the plaintiff in the instant case, she did not know she was signing away her interest in her home, where in *Kerrigan*, supra, the "non-borrowing" spouse knew that he was signing a quitclaim deed which took him off title, yet his right to plead reformation was valid and upheld on summary judgment. Regardless of the nomenclature, plaintiff has properly pleaded her rights to reformation of the reverse mortgage contract to have her named as "homeowner" and "borrower" and to remain in her home.  The intended result of the reverse mortgage contract in this case, as it was in *Kerrigan*, supra, was "to protect both the [spouses] in joint and equal lifetime security in their residence."

Moreover, the protected "third persons" referred to in *Civil Code §3399* are not those who purchase with notice, either actual or constructive, of the rights of other persons whose interests have been described defectively in written instruments *Shupe v. Nelson (1967) 254 Cal. App. 2nd 693, 699.* This is to say that defendant NATIONSTAR, the foreclosing lender,  is not a protected "third person" because it acquired the reverse mortgage note and deed of trust from defendant BANK OF AMERICA, N.A., subject to HUD regulations.  And also, defendant NATIONSTAR had either actual notice or constructive notice, or both, of the existence of plaintiff, the named borrower's spouse, not only by virtue of the recorded quitclaim deed, but also because California is a

community property state.

The Central District of California, in *Kerrigan v. Bank of America* (2011) EDCV 09-02082 [2011 U.S. Dist. LEXIS 90686], focused on the "Residential Loan Application For Reverse Mortgages" which stated in pertinent part: "This application is designed to be <u>completed by the applicant(s) with the lender's assistance</u> ... Co-borrower information <u>must be provided</u> when a person <u>other than the 'Borrower' (including the Borrower's spouse)</u> is a co-owner of the real property that will be used as a basis for loan qualification <u>or the Borrower's spouse is not a co-owner of the real property</u> that will be used as a basis for loan qualification, <u>but the Borrower resides in a community property state</u>." [Emphasis added].

The application itself considers a person in the plaintiff's position, i.e., a borrower's spouse, and <u>expressly requires</u> that information about being a co-borrower must be provided.  Plaintiff in the instant case, as in *Kerrigan, supra,* pleads that she was not provided with such information.  In fact, documents such as the loan application, will not be available to plaintiff in this case except through discovery.

Plaintiff, as she has pleaded in her complaint on file herein, participated in reverse mortgage counseling, through a non-profit agency, in December of 2007, when she was on title to the residence with her spouse.  In the certificate of counseling provided by the agency, and <u>signed by both spouses</u>, there were six (6) specific areas in which the participants were counseled, but there was no reference to counseling the couple regarding the loss of the home if the "borrowing" spouse passed away first.  An alternate form exists, which was not used.  It has a seventh (7th) paragraph added to the original six, which does state that the participants were counseled regarding risk of loss of the home if the "borrowing" spouse passed away first. Both of these forms

17

state that they "expire" in September of 2007; both were outdated in December, 2007, when the counseling took place.

Defendant BANK OF AMERICA, N.A. was the "sponsoring lender" in the instant case.  In this capacity, they were responsible for meeting the stating requirements of HUD in making reverse mortgages.  Moreover, the non-profit counseling agencies are agents of the lender. *Kerrigan v. Bank of America* (2011) EDCV 09-02082 [2011 U.S. Dist. LEXIS 90686]. Plaintiff can amend her complaint, if required, to include additional facts and circumstances regarding the reverse mortgage counseling and certificate, and in addition, to allege a cause of action for breach of the covenant of good faith and fair dealing arising therefrom.

Perhaps of even greater importance, defendant NATIONSTAR acquired the note and deed of trust from defendant BANK OF AMERICA, N.A. in November of 2012, approximately fifteen months following the ruling of the Central District Court of California in  *Kerrigan v. Bank of America* (2011) EDCV 09-02082 [2011 U.S. Dist. LEXIS 90686], in August of 2011, in which the foregoing improprieties were examined, and in which the "non-borrowing" spouse's right to reformation under *Civil Code §3399*, and the HUD regulations, was upheld.

In *Kerrigan*, supra, Bank of America was the assignee of the reverse mortgage which was originated by another lender.  The position of defendant NATIONSTAR in the instant case, as assignee, is the same as that of Bank of America in *Kerrigan*, and the right to reformation after assignment to another lender was upheld.

## VI.

## SCIENTER IS NOT REQUIRED AS AN ELEMENT
## OF NEGLIGENT MISREPRESENTATION

By statutory definition, negligent misrepresentation is a form of deceit: "The assertion, as a fact, of that which is not true, by one who has <u>no reasonable ground for believing it to be true</u>". *California Civil Code §1710(2)* [Emphasis added]; "The positive assertion, in a <u>manner not warranted by the information of the person making it</u>, of that which is not true, though he believes it to be true". *California Civil Code §1572(2).* [Emphasis added].

The broad statements that "scienter" is an element of every cause of action for deceit, and that an "intent to deceive" is essential, are not true, since neither "scienter" nor "intent to deceive" is a requisite element of pleading a cause of action for negligent misrepresentation. *Gagne v Bertran (1954) 43 Cal. 2nd 481, 487-488; DeZemplen v. Home Fed. Savings & Loan Assn. (1963) 221 Cal. App. 2nd 197, 205; Hale v. George A. Hormel & Co. (1975) 48 Cal. App. 2nd 73, 84 (citing text).*

Plaintiff believes that she has met or exceeded the pleading requirements to establish a claim for negligent misrepresentation.

## VII.

## CLAIMS INVOLVING BREACH OF DUTY
## NEED NOT BE PLEADED WITH SPECIFICITY

A claim based upon breach of fiduciary duty need not be pled with specificity.  The "circumstances surrounding [the] alleged breaches of fiduciary duty may frequently defy particularized identification at the pleading stage." *Concha v. London* 62 F.3d 1493, 1503 (9th Cir. 1995).

In the instant case, and as plaintiff has pleaded in her verified complaint, and reiterates here, she was not a party to the reverse mortgage transaction, nor was she a participant in the negotiations, document preparation, and document signing which led to this reverse mortgage.

Those who did participate, i.e., the defendants herein, nevertheless

owed Plaintiff some duty to comply with the HUD regulations, some duty not to conceal material facts, some duty to advise her of the consequences of not being a borrower in a reverse mortgage transaction, and some duty to utilize and employ competent loan brokers and others who were in good standing with state law.  Moreover, in making the reverse mortgage to her now-deceased spouse, they owed him the same duties. Plaintiff can amend her complaint to allege additional facts regarding the participants and the transaction, their respective roles, and their duties, which have become known in the time since she filed her action, as well as more fully describing the specific damages incurred.

## VIII.

### PLAINTIFF HAS PROPERLY PLEADED
### ELDER FINANCIAL ABUSE

Financial abuse of an elder under *California Welfare & Institutions Code §15610.30* consists of a person or entity who "(2) [a]ssists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with the intent to defraud, or both."  The reverse mortgage would not have occurred if plaintiff had not been wrongfully removed from the title to the residence: the assistance in "taking, secreting, appropriating and obtaining" consisted of procuring an executed quitclaim deed from plaintiff, so that the loan could go forward.

Moreover, the liability for elder financial abuse is based upon a showing of objective knowledge: "if the person knew or should have known that this conduct was likely to be harmful to the elder..." *California Welfare & Institutions Code §15610.30.* Besides making the loan, and the manner in which the loan was made, as alleged in plaintiff's complaint, the defendants <u>knew or should have known that taking plaintiff of title to her residence would result in her losing her home if her husband died first</u>, which is what is about to occur.

Defendant NATIONSTAR contends that <u>only</u> someone in a "representative" capacity has standing to bring an action for elder financial abuse, or that the defendant committed the alleged acts of elder financial abuse in some "representative" capacity. Plaintiff did not plead, nor did she intend to plead, that defendant NATIONSTAR was in any manner a conservator or custodian of either her or of her deceased spouse, or possessed or acted under a power of attorney from either of them.

Plaintiff, as a competent adult in her own right, aged 78, has standing and capacity to bring an action for elder financial abuse to the extent that her own property was taken, secreted, appropriated, or obtained wrongfully. As the duly-appointed executor of the estate of her deceased husband, plaintiff has standing and capacity to bring an action for elder financial abuse to the decedent, as she was appointed Special Administrator on February 6, 2014, and was issued general Letters Testamentary as Executor, with full authority, on March 20, 2014. Plaintiff pleads this authority in her complaint herein. As either special administrator or as executor, plaintiff has the right to commence and maintain an elder financial abuse action *Code of Civil Procedure §377.30; Probate Code §9820.*

Moreover, there is <u>vicarious liability</u> for elder financial abuse, where such does not exist in actions for neglect or for physical abuse. *California Welfare & Institutions Code §15610.30; §15657.5; §15657.6.*

## IX.

## ERRONEOUS LEGAL THEORIES AND LABELS, AND INCORRECT REMEDIES, ARE TO BE DISREGARDED

**A. <u>Erroneous Legal Theories Not Grounds for Dismissal.</u>** In the context of a Rule 12(b)(6) motion to dismiss, the test is whether the facts, as alleged in the pleading, <u>support any valid claim entitling the plaintiff to relief</u>

1  ...not necessarily the one[s] intended by the plaintiff.  Thus, a complaint should

2  not be dismissed because plaintiff erroneously relies on the wrong legal theory if

3  the facts alleged support any valid theory upon which relief can be granted.

4  *Alvarez v. Hill* 518 F.3d 1152, 1158 (9th Cir. 2008).

5        **B.  <u>Incorrect Legal Remedy Not Grounds for Dismissal</u>.** A Rule

6  12(b)(6) motion to dismiss will not be granted merely because the plaintiff has

7  requested a remedy to which he or she is not entitled. "[I]t need not appear that

8  the plaintiff can obtain the <u>specific</u> relief demanded as long as the court can

9  ascertain from the face of the complaint that <u>some</u> relief can be granted." *Doe v,*

10  *United States Dept. of Justice* 753 F.2d 1092, 1104 (DC Cir. 1985) [Emphasis in

11  original]; *Massey v. Banning Unified School Dist.* 256 F. Supp. 1090, 1092 (CD

12  CA 2003) (citing text).

13        As stated above, plaintiff brought her action in the state court,

14  alleging state-court causes of action. For example, "reformation of contract" is a

15  cause of action long established in California under *Civil Code §3399* and case

16  law, as stated above.  Regardless of the nomenclature, plaintiff has clearly pled

17  her right to relief, and the basis for that relief: California statutory and case law,

18  the HUD regulations, including *Title 12 U.S.C. 1715(z)(20)(j),* and the federal

19  case law interpreting it, which state and confirm that a "borrower"  means

20  borrower and spouse, and that a "homeowner"  means the homeowner and the

21  spouse, and that the surviving non-borrower spouse was intended to be protected

22  not only by the HUD statutes, but by Congressional intent as well, as clearly

23  demonstrated by the federal case law pled in plaintiff's complaint herein,

24  including the federal cases which have dealt with precisely this reverse

25  mortgage situation, which are persuasive authority in the present case.

26

27

28

# X.

## IN A MOTION TO DISMISS FOR FAILURE TO STATE
## A CLAIM, ONLY THE CHALLENGED PLEADING
## SHOULD BE CONSIDERED BY THE COURT

"When considering a [Rule 12(b)(6)] motion to dismiss for failure to state a claim, the court can consider only the facts as set forth in the complaint or documents attached thereto.  When considering the facts pled, the court must accept as true all factual allegations in the complaint.  All reasonable inferences must be drawn in favor of the non-moving party." *Longo v. Suffolk County Police Dept. County of Suffolk* 429 F.Supp. 2nd 553, 557 9E.D.N.Y. 2006).

Factual matters which are outside the scope of the pleadings should not be considered when ruling on a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *BP Products North America, Inc. v. Super Stop 79, Inc.,* 464 F.Supp. 2nd 1253, 1258-1259 (S.D. Fla. 2006). "A court should not consider matters beyond the pleadings as a basis for granting a dispositive motion under Rule 12(b)(6)." *Raytheon Aircraft Credit Corp. V. Pal Air Intern., Inc.,* 923 F. Supp. 1408, 1413 (D. Kan. 1996).

# XI.

## PLAINTIFF'S SOLE RECOURSE IS NOT
## SATISFACTION OF THE MORTGAGE DEBT

Plaintiff, as she has alleged in her complaint, is 78 years of age, and is the surviving non-borrowing spouse of a deceased mortgagor on a reverse mortgage, who is neither on title to her residence, nor a signatory on the reverse mortgage.  She was not a party to the mortgage transaction, but she should have been.  This is <u>not</u> a situation which involves a borrower who has failed to make monthly payments on a conventional mortgage; there are no back payments or arrearages.

23

Defendant NATIONSTAR cavalierly contends that the plaintiff's "sole recourse" is to pay off the accelerated mortgage indebtedness. In so contending, NATIONSTAR callously ignores both the HUD regulations which form the basis of plaintiff's claim: "borrower" means borrower and spouse, and "homeowner" means homeowner and spouse, and the D.C. Circuit Court of Appeals ruling in the case of *Bennett v. Donovan,* supra,  in which the appellate court subjected the HUD rules, especially *Title 12 U.S.C. 1715(z)(20)(j),* to intense legal analysis and interpretation, finding that those rules supported the rights of the surviving non-borrowing spouses to remain in their homes for the rest of their lives, in spite of the language in the mortgage or deed of trust permitting the lender to accelerate upon the death of the borrower.

These rules, the court's interpretation thereof, and the unequivocal intent of Congress, was to protect surviving spouses in plaintiff's situation.  This is the central theme of plaintiff's claims for reformation, declaratory relief, and injunctive relief. and to be made a "borrower' on the reverse mortgage.

Defendant NATIONSTAR alleges in its motion that plaintiff is required to make a tender of the entire amount due on the reverse mortgage in order to prevent foreclosure.  While defendant NATIONSTAR cites several cases in which the so-called "tender rule" was applied, each of the cited cases involves a conventional mortgage in which the borrower failed to make the regularly scheduled monthly payments and none of the cases involves a reverse mortgage situation.

Moreover, "Tender is not required where the foreclosure sale is void, rather than voidable, such as when a plaintiff proves that the entity lacked the authority to foreclose." *Lester v. JPMorgan Chase Bank,* (2013) ____F. Supp. 2nd ____, (2013 WL 633333, p.8).  Defendant NATIONSTAR has no authority to foreclose under the HUD regulations, as interpreted in *Bennett v.*

1    *Donovan*, supra. The foreclosure is occurring <u>through no fault of plaintiff</u>.

2              In the two reverse mortgage cases upon which plaintiff relies,

3    *Kerrigan v. Bank of America*, supra,  and *Bennett v. Donovan*, supra, the

4    respective courts did not require the plaintiffs to make tender of the reverse

5    mortgage indebtedness. Moreover, defendant NATIONSTAR has not cited any

6    authority which specifically applies the so-called "tender rule" to a situation in

7    which a reverse mortgage was accelerated owing to the death of a borrower.

8              In a seemingly contemptuous tone, defendant NATIONSTAR, in its

9    motion to dismiss, states that plaintiff, in addition to being required to pay off

10   the entire reverse mortgage,  was required to notify NATIONSTAR that her

11   spouse had passed away. She did not become aware of any reverse mortgage on

12   the property until after the death of her spouse, as she has pled in her complaint

13   herein.  When, after the death of her spouse, she, and later,  her legal counsel

14   attempted to contact defendant NATIONSTAR, her efforts were continually

15   rebuffed, and NATIONSTAR steadfastly *refused to provide any information or*

16   *to discuss the matter with her unless she first obtained an order from the*

17   *probate court appointing her as representative, and even then she was ignored.*

18             In a similarly dismissive attitude, defendant NATIONSTAR

19   contends that plaintiff is wrongfully attempting to remain in her house, for the

20   remainder of her life, or that she is wrongfully claiming entitlement to a

21   reformation of the contract.  The HUD rules, and the unequivocal intent of

22   Congress, specifically allow her to do so.

**XII.**

**THE COURT MAKE TAKE JUDICIAL NOTICE**

**OF DOCUMENTS RECORDED IN THE OFFICIAL**

**RECORDS, BUT NOT OF THE TRUTH OF THEIR CONTENTS**

27             The court may take judicial notice of documents recorded in official

28

25

records.  While it may take judicial notice of these records "to establish the fact of their having been filed" it cannot take judicial notice of such records if they are offered "to establish the facts asserted therein." *Eastbourne Arlington One, LP v. JPMorgan Chase Bank, N.A.,* 2011 U.S. Dist. LEXIS 81977, AT *6-7 (N.D. Tex. July 27, 2011).  Accordingly, the court should not take judicial notice of the <u>contents of the documents</u> to the extent they are offered for their truth.

## CONCLUSION

Plaintiff filed her complaint in state court, and pleaded state-court causes of action. Even though her complaint may have been pleaded to state-court standards, she pleads sufficient facts to demonstrate a plausible claim or claims for relief. Plausible means more than possibility, but does not rise to the level of probability.

All facts properly pled are assumed to be true, as are all reasonable inferences which are to be drawn from those facts.  The complaint, and the facts therein pled, are construed and viewed in a light most favorable to the non-moving party.

As plaintiff has properly pleaded in her complaint, she was not a party to the reverse mortgage, the note, the deed of trust, or any of the documents and negotiations concerning the transaction.  Plaintiff has properly pleaded that even though the reverse mortgage took place in 2008, she did not learn of  the facts and circumstances until after her husband's death in March of 2013.  None of her causes of action is barred by the running of the applicable statutes of limitations.

In the context of a Rule 12(b)(6) motion to dismiss, the court should consider only the challenged pleading, and not look to outside facts. The court should look at plaintiff's complaint as a whole, that plaintiff's claim or

claimss are plausible, and not dissected parts of it. In its entirety, plaintiff states a plausible claim or claims upon which relief can be granted.

Even if plaintiff's pleading is inartful, or is based upon an erroneous legal theory or label, seeks an incorrect remedy, grounds for dismissal do not lie.  Even if the pleading's facts are susceptible of competing "plausible" explanations, a plausible explanation in favor of the defendant-moving party is not grounds for dismissal.

Plaintiff believes that she has stated sufficient facts to plead her claims.  If, in deciding this motion, the court determines that additional facts are needed, plaintiff should be permitted to amend her complaint to state facts that would more fully show that she is entitled to relief. Leave to amend is liberally granted. Plaintiff can amend her complaint, as stated herein, to provide additional facts regarding the transactions and occurrences, delayed discovery thereof, the duties owed, the damages proximately caused, and the amounts thereof.

The court, as a court of law and equity, employing its judicial experience and common sense, should deny defendant's motion, or in the alternative, grant plaintiff leave to file a First Amended Complaint.

Respectfully submitted,


Dated: May 27, 2014          s/Al Van Slyke
                             AL VAN SLYKE, ESQ.
                             Attorney for Plaintiff JOSIE L. RAY

27

1

2

**PROOF OF SERVICE**

3

4

I, CHARLES FARES, the undersigned, declare as follows:

5

6        I am over the age of eighteen (18) years and not a party to the within action.  My business address is 3200 Fourth Avenue, Suite 201, San Diego, California 92103.

7

8        On May 27, 2014, I served the within OPPOSITION OF PLAINTIFF TO DEFENDANT NATIONSTAR MORTGAGE LLC, DBA CHAMPION MORTGAGE'S MOTION TO DISMISS, by regular first class mail and/or electronic service, as follows:

9

10      SERVICE VIA U.S. MAIL:

11      JUDGE'S CHAMBER COPY
        Hon. John A. Houston
12      Courtroom 13B (13th Floor - Annex)
        Suite 1380
13      333 West Broadway
        San Diego, CA 92101

14

15      ELECTRONIC SERVICE via the CM/ECF system:

16

17      RENEE M. PARKER: rmparker@wrightlegal.net

        ROBIN P. WRIGHT: rwright@wrightlegal.net

18

19      CAROLEE A. HOOVER: choover@reedsmith.com; swurth@reedsmith.com

        ALICE E. CHOY: achoy@reedsmith.com; cortega@reedsmith.com

20

21

22      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

23      Executed on May 27, 2014 at San Diego, California.

24

25      Dated: May 27, 2014                    s/Charles Fares
                                               CHARLES FARES, Declarant

26

27

28

28